NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

NESHAMINY CONSTRUCTORS, INC.,

       Plaintiff,

v.

EFCO CORP.,

       Defendant.

Civ. No. 12-7349

OPINION

THOMPSON, U.S.D.J.

## I. INTRODUCTION

This matter has come before the Court upon the Motion to Dismiss filed by Defendant EFCO Corp. ("Defendant"). (Docket Entry No. 14). Plaintiff Neshaminy Constructors, Inc. ("Plaintiff") opposes the motion. (Docket Entry No. 17). The Court has decided the matter upon consideration of the parties' written submissions and after conducting oral argument on May 23, 2013. For the reasons given below, Defendant's motion is granted.

## II. BACKGROUND

This case concerns custom-designed concrete forming equipment rented by Plaintiff for use in a construction project. Plaintiff claims that the designs for the equipment were defective. For the purposes of the pending motion, the Court considers as true all of Plaintiff's well-pleaded factual allegations and recites only those facts relevant to the Court's analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

In October 2009, the New Jersey Department of Transportation ("NJ DOT") issued bid documents for a construction project that involved re-constructing a bridge in Estell Manor, New Jersey. (Docket Entry No. 1 at ¶¶ 6-7). The construction project required compliance with certain specifications to ensure that the underside of the bridge did not interfere with the passage of trains below. (*Id*. at ¶ 8).

Plaintiff submitted a bid for the construction project to NJ DOT on November 19, 2009. (*Id*. at ¶ 23). In preparing its bid, Plaintiff relied on a proposal from Defendant for the provision of custom-designed concrete forming equipment. (*Id*. at ¶¶ 13, 15-19, 24, 25). Defendant's proposal included at least one design that Defendant represented would meet NJ DOT's specifications for this particular construction project. (*Id*. at ¶¶ 15-19).

Plaintiff's bid was ultimately accepted by NJ DOT, and a contract memorializing the agreement between Plaintiff and NJ DOT ("Prime Contract") was executed on February 24, 2010. (*Id*. at ¶¶ 24-27). Subsequently, Plaintiff and Defendant executed the Rental Agreement, which set forth the terms for the rental of the custom-designed concrete forming equipment.[1] (*See* Docket Entry No. 14, Attach. 5, Ex. B). Specifically, the Rental Agreement provides that

> EFCO will furnish such EFCO ERECTION DRAWING SERVICE for the said project as it shall deem necessary for the use of the equipment furnished under this Agreement. Such drawings shall be checked as to correctness by Customer before use, and failure to notify EFCO of objection thereto shall constitute approval of them.

(*Id*.).

The Rental Agreement also contains an integration clause ("Integration Clause"), which states in pertinent part that

---

[1] Plaintiff's complaint ("Complaint") does not mention the Rental Agreement. (*See* Docket Entry No. 1). It states only that Defendant "continued to provide design services to [Plaintiff] as the Project progressed . . . ." (*Id*. at ¶ 28). Plaintiff apparently does not dispute, however, that the parties entered into the Rental Agreement. (*See* Docket Entry No. 17).

2

> [t]his Agreement, together with any duly executed and accepted supplements attached to it, incorporates any and all agreements and understanding of every kind and nature concerning the subject matter and no other representation, warranty or estimate of any kind or nature which is not set forth herein is authorized by nor binding upon the parties.

(*Id*.). Additionally, the Rental Agreement contains a forum selection clause ("Forum Selection Clause"). The Forum Selection Clause provides that

> [t]his agreement shall be construed and enforced according to the laws of the State of Iowa. Any action in regard to this agreement or arising out of its terms and conditions shall be instituted and litigated in the Iowa District Court for Polk County, Iowa; provided, however, this forum selection clause shall not limit or prohibit EFCO from instituting or litigating any other action in another venue or jurisdiction against individuals or entities other than the customer named in this Agreement. Customer consents to the jurisdiction of such court and agrees that service of process as provided by the statutes and rules of procedure of Iowa for nonresident persons or foreign corporations deemed to be doing business in Iowa shall be sufficient.

(*Id*.).

Several months later, Plaintiff learned of a sag in one of the forms used to shape concrete for the construction project. (Docket Entry No. 1 at ¶ 29). Upon closer inspection, it was determined that the sag constituted a deflection greater than that allowed under the Prime Contract and greater than that shown in the designs submitted by Defendant. (*Id*. at ¶¶ 30-32).

Upon learning of the sag, Defendant submitted numerous revised designs in an attempt to cure the defect. (*Id*. at ¶ 41). Defendant's fifth revised design finally resolved the deflection issue; however, the project was delayed approximately two months and Plaintiff incurred extra costs as a result. (*Id*. at ¶¶ 41-43).

On November 30, 2012, Plaintiff initiated this lawsuit by filing claims against Defendant for breach of implied in fact contract, negligent misrepresentation, breach of warranty, detrimental reliance, promissory estoppel, and breach of a partial settlement agreement. (*See* Docket Entry No. 1). Defendant filed the instant Motion to Dismiss on March 8, 2013. (Docket Entry No. 14).

III. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that pleadings contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A district court should conduct a three-part analysis when considering a Rule 12(b)(6) motion. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id*. (quoting *Iqbal*, 556 U.S. at 675). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). But, the court should disregard any conclusory allegations proffered in the complaint. *Id*. Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts alleged in the complaint are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679). This requires more than a mere allegation of an entitlement to relief. *Id*. "A complaint has to 'show' such an entitlement with its facts." *Id*. A claim is only plausible if the facts pleaded allow a court to reasonably infer that the defendant is liable for the misconduct alleged. *Id*. at 210 (quoting *Iqbal*, 556 U.S. at 678). Facts suggesting the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. Id. at 211 (quoting *Iqbal*, 556 U.S. at 679).

Additionally, "[a]s a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citing *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985)). Consideration of such matters generally converts the motion into a motion for summary judgment. *Cahill v. City of New Brunswick*, 99 F. Supp. 2d 464, 470 (D.N.J. 2000) (citing FED. R. CIV. P. 12(b) ("If, on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . .")).

"However, an exception to the general rules is that a document *integral to* or *explicitly relied* upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." *Burlington Coat*, 114 F.3d at 1426 (quotations omitted); *see also Winer Family Trust v. Queen*, 503 F.3d 319, 328 (3d Cir. 2007). Furthermore, a Court may consider a document not "explicitly" mentioned in the Complaint where the claims are "based" on the document, as a plaintiff "cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." *Burlington Coat*, 114 F.3d at 1426.

## IV.  ANALYSIS

Defendant argues that dismissal of the Complaint is necessary under Rule 12(b)(6) because (1) the Forum Selection Clause in the Rental Agreement requires Plaintiff to bring its claims in Iowa state court; (2) the damages sought are excluded by the Rental Agreement; and (3) Defendant is indemnified under the terms of the Rental Agreement. (Docket Entry No. 14, Attach. 1). The Court considers first whether the Forum Selection Clause in the Rental Agreement mandates dismissal.

As a general matter, a Rule 12(b)(6) motion is an appropriate means of enforcing a forum selection clause. *See Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 298-99 (3d Cir. 2001); *TGA Premier Jr. Golf Franchise, LLC v. B P Bevins Golf LLC*, No. 12-4321, 2012 WL 4892861, at *2 (D.N.J. Oct. 12, 2012). Plaintiff argues, however, that the Rental Agreement's Forum Selection Clause does not bar Plaintiff from pursuing these particular claims in the District of New Jersey. (Docket Entry No. 17). First, Plaintiff argues that the Rental Agreement is extraneous to the pleadings and, therefore, not properly considered on a Rule 12(b)(6) motion.[2] (*Id*. at 9-11). Additionally, Plaintiff argues that the Rental Agreement, by its terms, applies only to the rental of the concrete forming equipment, not the equipment's design, and therefore, Plaintiff's claims, which concern only design, are not subject to the Forum Selection Clause. (*Id*. at 14-17).

Both arguments require the Court to accept Plaintiff's premise that the parties entered into two separate transactions – one pertaining to the design of the equipment and one pertaining to the rental of the equipment. The Court, however, views the parties' interactions as a single business transaction. In reaching this conclusion, the Court notes that the parties bargained for one thing – the rental of equipment designed to meet the project's specifications. This conclusion is further supported by the fact that no consideration was apparently provided for the pre-bid designs.

Plaintiff argues that, after NJ DOT awarded the bid to Plaintiff, Plaintiff would have been permitted to enforce Defendant's proposal by virtue of Plaintiff's reliance on it. As such, Plaintiff contends that the parties' pre-bid negotiations concerning design were, in essence, a separate transaction. However, this argument overlooks the fact that, after the bid was awarded

---

[2] Specifically, Plaintiff argues that its claims, which pertain to the design of the equipment, are not based on the Rental Agreement, which Plaintiff argues concerns only the rental of the equipment. (*Id*. at 9-11). Additionally, Plaintiff notes that the Rental Agreement is not mentioned anywhere in the Complaint. (*Id*.).

6

to Plaintiff, the parties entered into the Rental Agreement, which contained the Integration Clause. As such, the Court does not agree with Plaintiff that the Rental Agreement did not also incorporate the parties' previous negotiations concerning design. Based on this conclusion, the Court finds that the Rental Agreement is integral to Plaintiff's claims and, therefore, may be properly considered at this stage. Similarly, the Court finds that Plaintiff's claims are subject to the Rental Agreement's Forum Selection Clause. Therefore, dismissal of the Complaint is necessary so Plaintiff may re-file its claims in Iowa state court,[3] and it is unnecessary to consider Defendant's other arguments concerning damages and indemnification.

## V. CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss is granted. An appropriate order will follow.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Date: May 31, 2013

---

[3] Plaintiff also argues that even if "the Rental Agreement forum selection clause applies to all of [Plaintiff's] causes of action, the Court should decline to dismiss based on the required balancing test." (Docket Entry No. 17 at 19). Each of the cases cited by Plaintiff, however, applies a balancing test when deciding whether to transfer between two federal forums. The Third Circuit has stated that when a forum selection clause specifies a non-federal forum, "the district court would have no choice but to dismiss the action so it can be filed in the appropriate forum so long as dismissal would be in the interests of justice." *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 298 (3d Cir. 2001) (citations omitted). After reviewing the parties' arguments, the Court finds no reason why the bargained-for Forum Selection Clause of the Rental Agreement should not be enforced and this case dismissed.